IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONGINOS MARROQUIN,

    Plaintiff,    No. CIV 2:12-cv-2660 JAM AC PS

  vs.

J.P. MORGAN CHASE BANK,

    Defendant.    <u>ORDER</u>

_____/

        Before the court is defendant J.P. Morgan Chase Bank's ("Chase") November 21, 2012 motion to dismiss. Plaintiff opposes the motion. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

ALLEGATIONS IN THE COMPLAINT

        On March 10, 2005, plaintiff entered into a residential mortgage loan agreement for an unspecified sum with Irwin Mortgage Corporation, not a party to this action, secured by real property located at 125 S. Roop Street, Susanville, California ("the Subject Property"). Compl. at 2. On an unspecified date, Chase sent plaintiff a letter stating "your loan was recently transferred from Irwin Mortgage Corporation Mortgage [*sic*]" and directing plaintiff to send his

mortgage payments to Chase. <u>Id.</u> at 3. In an attempt to comply with this letter, plaintiff began making payments to Chase. <u>Id.</u> Some time later, Chase reported plaintiff's delinquency to credit reporting agencies. <u>Id.</u> at 4.

In the complaint filed October 26, 2012, plaintiff claims Chase is not listed on the Deed of Trust as a mortgagee or lender or trustee and, as such, does not have a valid interest in the Subject Property. Plaintiff accuses Chase of improperly attempting to enforce the mortgage note against the Subject Property, fraudulently telling plaintiff that it is entitled to plaintiff's mortgage payments, and fraudulently reporting plaintiff's delinquency to credit reporting agencies. Plaintiff seeks quiet title, unspecified damages, and a loan modification.

DISCUSSION

Chase seeks dismissal of this action on the grounds that plaintiff fails to state a claim upon which relief can be granted, fails to meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and fails to comply with Rule 9's specificity requirement as to plaintiff's fraud claim.

On review, the court agrees with Chase that the complaint is subject to dismissal, though not on the grounds articulated in defendant's motion to dismiss. Rather, Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). As explained <u>infra</u>, the court finds that the allegations in the complaint fail to establish subject-matter jurisdiction.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331-1332. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.

She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." Arbaugh, 546 U.S. at 513 (citing 28 U.S.C. §§ 1331-1332). The party which invokes jurisdiction bears the burden of demonstrating its existence. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).

In this case, it is evident that jurisdiction does not rest on federal-question as the two claims set forth in the complaint (quiet title and fraud) are both state law claims. Thus, this action may proceed only if plaintiff can establish diversity jurisdiction. For the following reasons, the court finds that the jurisdictional allegations made in the complaint are inadequate to establish the existence of subject matter jurisdiction inasmuch as the complaint fails to properly allege the citizenship of the parties and the amount in controversy.

For diversity jurisdiction to attach, plaintiff must be a citizen of a different state than defendant. See 28 U.S.C. § 1332(a)(1). At the pleading stage and absent unusual circumstances, a party seeking to invoke diversity jurisdiction should affirmatively allege, but need not prove, the actual citizenship of the parties. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (citation omitted).

Examination of the complaint reveals that plaintiff has not alleged the state of his citizenship. Although plaintiff asserts that he is the "legal owner" of the Subject Property located in Susanville and that his county of residence is San Diego, the Supreme Court has repeatedly made clear that

> . . . residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship of that state for purposes of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143 (1905); accord Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiff's complaint ... state[s] that Plaintiffs were 'residents'

3

of California.  But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. . . . [The] failure to specify Plaintiff's state of citizenship was fatal to [the] assertion of diversity jurisdiction.").  Thus, the court cannot confirm plaintiff's state of citizenship.

Additionally, plaintiff fails to allege Chase's state of citizenship.  Chase, as a national banking association, is considered a citizen of "the State designated in its articles of association as its main office."  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006); see also 28 U.S.C. § 1348.  In Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181 (2010), the Supreme Court held that, for diversity jurisdiction purposes, a complaint or removal notice must allege both the corporation's state of incorporation and location of the principal place of business, which is its "nerve center," i.e., "the place where a corporation's officers direct, control, and coordinate the corporations activities." 130 S. Ct. at 1192.  Here, plaintiff alleges only that Chase is "organized" in New York and doing business in San Diego County, California.  He fails to allege the location of Chase's principal place of business.  In the absence of this critical fact, the court cannot confirm Chase's state of citizenship and, therefore, cannot determine whether the diversity of citizenship requirement has been met.

Moreover, it is established that in claims for declaratory or injunctive relief, "the amount in controversy is measured by the object of litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  Where a plaintiff seeks to enjoin and/or prevent a foreclosure sale, "the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met."  Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, at *6 (N.D. Cal. June 29, 2010).  Because plaintiff fails to specify the value of the mortgage loan entered into on March 10, 2005, the court is also unable to determine whether the amount in controversy requirement has been met.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The January 23, 2013 hearing on defendant's motion to dismiss is vacated;

2. Defendant's motion to dismiss is denied without prejudice; and

4

       3. Plaintiff's October 26, 2012 complaint is dismissed for lack of subject matter jurisdiction. Plaintiff shall file an amended complaint properly asserting a jurisdictional bases for this action no later than thirty days from the date of this order.[1] Plaintiff is also directed to review and carefully consider the arguments made in defendant's motion to dismiss prior to filing any amended pleading.

DATED: January 11, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;marr2660.mtd

---

[1] Because the dismissal of a complaint with leave to amend is not dispositive of the action, the undersigned issues an order in lieu of a Findings and Recommendations.